Matter of Gross (2019 NY Slip Op 06964)





Matter of Gross


2019 NY Slip Op 06964


Decided on September 27, 2019


Appellate Division, Fourth Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, AND WINSLOW, JJ. (Filed Sept. 27, 2019.) 


&em;

[*1]MATTER OF BYRON W. GROSS, A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER Final order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on January 11, 1999. Although the record in this matter indicates that respondent resides in Florida, his attorney registration information on file with the Office of Court Administration indicates that he maintains an office in Webster. In September 2018, respondent advised the Grievance Committee that, from 2009 through 2016, he was convicted of several misdemeanor crimes in Florida, including petit theft, disorderly intoxication, obstructing or resisting an officer without violence, and reckless driving. Respondent also advised the Grievance Committee that, in December 2017, a judgment was entered in Circuit Court for the Seventh Judicial Circuit for Volusia County upon respondent's plea of nolo contendere to two felony crimes, i.e., battery on a person 65 years of age or older (Fla Stat § 784.08 [2] [c]) and domestic battery by strangulation (Fla Stat § 784.041 [2] [a]). The judgment of Circuit Court indicates that, upon entry of respondent's plea, the court withheld adjudication of guilt and sentenced respondent to three years of probation, which included mandatory substance abuse treatment. In October 2018, the Grievance Committee applied to this Court for an order imposing discipline based upon respondent's convictions in Florida. By order entered November 7, 2018, this Court determined that respondent had been convicted of a "serious crime," suspended him on an interim basis, and directed him to show cause why a final order of discipline should not be entered, pursuant to Judiciary Law § 90 (4). In response to the show cause order, respondent submitted written materials in mitigation and appeared before this Court to be heard in mitigation.
In determining an appropriate sanction, we have considered the lengthy course of misconduct that gave rise to respondent's misdemeanor convictions and the serious nature of the allegations that gave rise to the aforementioned felony charges to which respondent entered a plea of nolo contendere. We have also considered the matters in mitigation submitted by respondent, including his statement that the misconduct did not concern his practice of law or negatively affect clients and that the misconduct was primarily attributable to his long-standing alcohol and substance abuse issues, for which he has sought treatment. We have further considered respondent's statement that he has remained sober since September 2017. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of three years, effective November 7, 2018, and until further order of this Court. We further direct that any application for reinstatement to the practice of law filed by respondent following the period of suspension must include proof that he is continuing to seek treatment for alcohol and substance abuse, that he is following all treatment recommendations, and that he has successfully completed a two-year treatment monitoring program with the New York State Bar Association Lawyer Assistance Program.